IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 10-2116-14 MK |
| ) | JUDGE KNOWLES |
| ) | |
| DEMETRIUS DUNCAN, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

The Court held a Preliminary and Detention Hearing for Defendant Demetrius Duncan on December 16, 2010. Defendant is charged with one count of knowingly and intentionally combining, conspiring, confederating, and agreeing with other Defendants and other persons known and unknown to knowingly and intentionally possess with intent to distribute controlled substances, including 500 grams or more of a mixture and substance containing cocaine, and 280 grams or more of a mixture and substance containing a detectable amount of cocaine base, that is crack cocaine, Schedule II controlled substances, in violation of 21 U.S.C. § 1846 and 18 U.S.C. § 2. If convicted, Defendant faces a maximum term of life in prison and a maximum fine of $4 million.

The Court concludes that there is probable cause to believe that Defendant committed the offense with which he is charged.

The Government has the benefit of the presumption set forth in 18 U.S.C. § 3142(e)(3)(A). With regard to the presumption, the Sixth Circuit has stated as follows:

> The presumption shifts the burden of production to the defendant to show that his release would not pose a flight risk or a danger to any person or the community. The government retains the burden of persuasion.
>
> . . .
>
> The presumption in favor of detention does not vanish simply because a defendant comes forward with evidence to rebut it. Were the presumption to vanish, "courts would be giving too little deference to Congress' findings regarding this class." . . . The Court may continue to give the presumption some weight by keeping in mind that Congress has determined "that drug offenders pose a special risk of flight and dangerousness to society."

*United States of America v. Lattner*, 2001 U.S. App. LEXIS 23790 at *3-4 (6th Cir.) (citations omitted).

Defendant has 3 prior drug felony convictions, as well as a felony conviction for facilitation of aggravated assault. He also has felony convictions for reckless endangerment and theft of property. He was on probation at the time of the events charged in the instant case.

For the foregoing reasons, the Court concludes by clear and convincing evidence that there are no conditions or combination of conditions that could be imposed that would reasonably assure the safety of other persons and the community if Defendant were released. The undersigned further concludes, by a preponderance of the evidence, that there are no conditions or combination of conditions that could be imposed that would reasonably assure the appearance of Defendant if he were released. Therefore, Defendant will be detained.

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge

of the corrections facility shall deliver Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

       IT IS SO ORDERED.

                                                             _____
                                                             E. Clifton Knowles
                                                             United States Magistrate Judge